**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

Guellor Nganu Mbaki,

           Petitioner

v.

John Mattos, et al.,

           Respondents

Case No. 2:26-cv-01665-AMB-MDC

**Service and**
**Appointment of Counsel Order**

[ECF Nos. 1, 1-1, 1-2]

Petitioner Guellor Nganu Mbaki, an immigration detainee, who is challenging the lawfulness of his federal detention at Nevada Southern Detention Center, has filed a self-represented petition for federal habeas corpus relief under 28 U.S.C. § 2241, ECF No. 1-1, as well as an application to proceed in forma pauperis ("IFP"), ECF No. 1, and a motion for appointment of counsel, ECF No. 1-2. The Court finds that good cause exists to grant the IFP application.

In addition, the Court finds that the appointment of counsel is in the interests of justice, given, among other things, the complexities of this case.[1] Here, Petitioner is self-represented and stands to lose his right to an adjudication of his Petition on the merits due to ignorance of technical procedural requirements. In addition, this case concerns immigration proceedings and removal, thus the outcome of this litigation is likely to have serious consequences for Petitioner. The Court, therefore, finds that appointment of counsel is in the interests of justice.

---

[1] Prisoners applying for habeas corpus relief are entitled to appointed counsel when the circumstances indicate that appointed counsel is necessary to prevent due process violations or when the interests of justice so require. 18 U.S.C. § 3006A; Rule 8(c), Rules Governing § 2254 Cases; *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986).

And, following a preliminary review of the Petition under the Rules Governing Section 2254 Cases,[2] the Court finds that the Petition merits service on Respondents, so the Court directs that it be served on Respondents and sets a briefing schedule.

It is therefore ordered that Petitioner's Motion to Proceed in Forma Pauperis (ECF No. 1) is granted. Petitioner will not be required to pay the filing fee for this action.

It is further ordered that Petitioner's Motion for Appointment of Counsel (ECF No. 1-2) is granted. The Federal Public Defender for the District of Nevada is appointed to represent Petitioner and is directed to file a notice of appearance (or indicate its inability to represent Petitioner) within 7 days of the date of this Order. If the Federal Public Defender is unable to represent Petitioner, because of a conflict of interest or for any other reason, alternate counsel will be appointed. Appointed counsel will represent Petitioner in all federal proceedings related to this matter, including any appeals or certiorari proceedings, unless allowed to withdraw.

It is further ordered that if the Federal Public Defender files a notice of appearance in this matter, it will then have 14 days to file an amended petition (or to indicate that an amended petition is unnecessary). The Federal Public Defender shall effectuate service of the amended petition on Respondents.

IT IS FURTHER ORDERED that the Clerk of Court:

1. **SEPARATELY FILE** the Petition for Writ of Habeas Corpus (ECF No. 1-1).

2. **ADD** the United States Attorneys' Office for the District of Nevada to the docket as an Interested Party. Pursuant to District of Nevada's General Order 2026-03 (Feb. 13, 2026), this constitutes service on all federal Respondents under Federal Rule of Civil Procedure 4 and 28 U.S.C. § 2243.

3. **SEND** a copy of the Petition (ECF No. 1-1) and this Order to the Federal Public Defender, Petitioner, and the CJA Coordinator for this division.

4. **MAIL** a copy of the Petition (ECF No. 1-1) and this Order pursuant to Rule 4(i)(2) of the Federal Rules of Civil Procedure to John Mattos, Warden,

---

[2] The Court exercises its discretion to apply the rules governing 28 U.S.C. § 2254 petitions to this 28 U.S.C. § 2241 action. *See* Habeas Rule 1(b).

Nevada Southern Detention Center, 2190 E. Mesquite Ave., Pahrump, NV 89060.

5.      **SEND** a copy of the Petition (ECF No. 1-1) and this Order to Ashley Hesman (Mattos's attorney) at ahesman@strucklove.com.

It is further ordered that the United States Attorneys' Office for the District of Nevada file a notice of appearance within 7 days of the date of this Order and file and serve their answer to the amended petition within 14 days of service of the counseled amended petition, unless additional time is allowed for good cause shown. Petitioner will then have 7 days to file a reply.

It is further ordered that the federal Respondents must, within 14 days of the date of this Order produce the following documents to Petitioner's Counsel: (1) I-200 Warrant for Arrest of Alien; (2) Form I-286 Initial Custody Determination; (3) I-862 Notice to Appear; (4) Form I-213 Record of Deportable or Inadmissible Alien; (5) all immigration court orders in Petitioner's removal proceedings; (6) documents certifying any appeal of any immigration court orders by Department of Homeland Security or Petitioner; (7) transcripts and/or audio recordings of any custody redetermination proceedings. Alternatively, the federal Respondents must CERTIFY that any of the listed documents are not in their custody or control.[3]

It is further ordered that the parties must meet and confer regarding any requests for an extension of deadlines and stipulate to the extension if possible. Any motion for extension must certify efforts taken to meet and confer and indicate the opposing party's position regarding the extension. Any motion or stipulation must comply with Federal Rule of Civil Procedure 6(b) and Local Rules IA 6-1, 6-2.

---

[3] The Court finds that ordering the federal respondents to produce documents relevant to the lawfulness of Petitioner's detention is necessary for the Court to "dispose of the matter as law and justice require." *See Harris v. Nelson*, 394 U.S. 286, 290 (1969). A detained habeas petitioner "is usually handicapped in developing the evidence needed to support in necessary detail the facts alleged in his petition, [and] a habeas corpus proceeding must not be allowed to founder in a 'procedural morass.'" *Id*. at 291–92 (citation omitted). Accordingly, pursuant to Rule 6 of the Rules Governing § 2254 Cases—which the Court, in its discretion, applies to this § 2241 matter, *see* § 2254 Rule 1(b)—the Court finds good cause to order the federal Respondents to produce relevant documents in their possession, custody, or control.

It is further ordered that Respondents shall not transfer Petitioner out of this District, with the exception of effectuating Petitioner's lawful deportation.[4]

Dated: June 2, 2026.

Amy M Baggio
United States District Judge

---

[4] *See F.T.C. v. Dean Foods Co.*, 384 U.S. 597, 604 (1966) (noting the court may use its "express authority under the All Writs Act to issue such temporary injunctions as may be necessary to protect its own jurisdiction").